Michael W. Burns, Pittsburgh, Pa., for Suzanne Snaith McDaniel.

**Suzanne Snaith McDANIEL**

v.

**Kay A. JOSEPH.**

**Civ. A. No. 75–787.**

United States District Court, W. D. Pennsylvania.

Feb. 26, 1976.

## MEMORANDUM

SORG, Chief Judge.

 The plaintiff, Suzanne Snaith McDaniel, a citizen of Pennsylvania, seeks compensatory and punitive damages against Kay A. Joseph, a citizen and resident of Ohio, alleging that the defendant has engaged in a meretricious relationship with her husband, Norwood A. McDaniel, in the States of Ohio and West Virginia and in the Commonwealth of Pennsylvania. The plaintiff invokes diversity jurisdiction under 28 U.S.C.A. § 1332 and, relying on 42 Pa.Consol.Stat. Ann. § 8305 (Supp. 1975),[1] has served the

---

1. § 8305. Causing harm by individuals

Any nonresident of this Commonwealth who, acting outside of this Commonwealth, individually, under or through a fictitious business name, or through an agent, servant or employee, shall have caused any harm

within this Commonwealth on or after August 30, 1970, shall be subject to service of process in any civil action or proceeding instituted in the courts of this Commonwealth arising out of or by reason of any such conduct. . . .

defendant through the Secretary of the Commonwealth of Pennsylvania, pursuant to Rule 4(e) of the Federal Rules of Civil Procedure.[2]  The defendant has moved to dismiss on jurisdictional grounds.  At argument on the motion, plaintiff conceded that the conduct giving rise to this action occurred in states other than Pennsylvania, the allegations of her complaint notwithstanding.  Hence, her reliance on § 8305 of the Pennsylvania statute.  The motion will be granted.

■ A service of process statute cannot confer *in personam* jurisdiction which would contravene the due process standard enunciated in *International Shoe v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), and its progeny, *Perkins v. Benquet Consolidated Mining Co.*, 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485 (1952), *McGee v. International Life Insurance Co.*, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957), *Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958):

> " . . . due process requires only that in order to subject a defendant to a judgment *in personam*, if he be not present within the territory of the forum, he have certain minimal contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" [citations omitted].

*International Shoe Co. v. Washington, supra*, 326 U.S. at 316, 66 S.Ct. at 158.

*Hanson v. Denckla, supra*, further cautions:

> " . . . it is a mistake to assume that this [liberal] trend heralds the eventual demise of all restrictions on the personal jurisdiction of the state courts.  [citation omitted].  These restrictions are more than a guarantee of immunity from inconvenient or distant litigation.  They are a consequence of territorial limitations on the power of the respective States."

*Id.*, 357 U.S. at 251, 78 S.Ct. at 1238.

Finally, the Pennsylvania statute itself does not purport to confer jurisdiction beyond constitutional limits:

> Exercise of full constitutional power over corporations.— . . . the jurisdiction and venue of the courts of the Commonwealth shall extend to all foreign corporations and the powers exercised by them to the fullest extent allowable under the Constitution of the United States.

42 Pa.Consol.Stat.Ann. § 8309(b).  Although this section may be deemed to be applicable only to the exercise of jurisdiction over foreign corporations, its language is indicative of the Commonwealth's recognition of due process limitations.

The record in this case does not establish any contact by the defendant with the Commonwealth of Pennsylvania on which jurisdiction can be based.

---

**2.** [4](e) Same: Service Upon Party Not Inhabitant of or Found Within State

    Whenever a statute or rule of court of the state in which the district court is held provides (1) for service of a summons . . . upon a party not an inhabitant of or found within the state . . . , service may . . . be made under the circumstances and in the manner prescribed by the statute or rule.